## Thomas et al. v. Deputy et al.

*S. Aug. Davis* and *George W. Ellis*, for plaintiffs.
*O'Malley, Hill, Harris & Harris*, for defendants.

HOBAN, J., December 1, 1939.—The School District of the Township of Roaring Brook was merged into the School District of the Borough of Elmhurst by decree of this court dated April 27, 1938. The merger was accomplished at the petition of the county board of school directors, under the provisions of the Act of May 13, 1937, P. L. 605, amending section 108 of the School Code of May 18, 1911, P. L. 309.

This bill in equity seeks: First, an injunction to prevent the Directors of the School District of the Borough of Elmhurst from levying taxes for school purposes on that part of the new school district which was formerly included in the Roaring Brook School District, and generally from performing administrative acts with reference to the affairs of the old District of Roaring Brook; and, second, the dissolution of the merger. The sole ground for the relief sought is the alleged unconstitutionality of sections 108, 809, and 814 of the School Code, as amended by the Act of 1937, supra, insofar as these sections attempt to authorize such mergers and require the county board of school directors to take the necessary procedure to bring that about.

The case is now before us on preliminary objections to the bill in equity, which objections were filed on the part of the School Directors of the School District of the Borough of Elmhurst. There are several objections that we dismiss with but little discussion, since they go largely to the alleged insufficiency of the averments of the bill, the multiplicity of facts alleged in one paragraph of the bill, and the form of action. As to these, it is sufficient to say that the bill sufficiently informs defendants of the facts upon which plaintiffs rely, and the particular paragraph which contains the alleged multiplicity of averments of fact is in reality a statement of complaint as to the exercise of the administrative functions of the board as applied to the former School District of Roaring Brook. Nor is the objection that the form of action should be quo warranto tenable, since the title to the office of

school director in the new district is incidental to the main question as to whether the merger was valid from the beginning. We see no reason why the constitutionality of the act authorizing the merger and the prohibition of any further action under the merger, if it is indeed invalid, cannot be raised properly by this bill in equity.

However, we feel that the main objection to the bill must be sustained, that is, that the averments as to the unconstitutionality of the Act of 1937 are immaterial because of the effect of the validating Act of June 20, 1939, P. L. 491.

Section 108(b) of the School Code, as amended by the Act of 1937, supra, and as affected by the procedural provisions of section 814, as amended by the same Act of 1937, has been passed upon and found unconstitutional by the Courts of Common Pleas of Dauphin, Somerset, and Delaware Counties. These courts have uniformly held that the sections of the statutes attempting to authorize mergers of school districts under the limiting terms of section 108(b) of the School Code are unconstitutional as special legislation in violation of article III, sec. 7, of the Constitution of Pennsylvania. It will be noted that section 108(b) provides that such mergers could be accomplished only where school teachers had not been appointed prior to January 1, 1937, for the school year 1936-37, or in certain other districts where the teaching staff fell below ten in number and the members were not brought up to a higher figure prior to a certain date. This is considered to be a classification not authorized by the Constitution and hence is special legislation which falls under the ban of section 7, art. III. With this view we are in accord, upon the reasoning expressed in the following cases: In re Merger of Lower Turkeyfoot Township School Dist., 33 D. & C. 222 (Somerset County, July 25, 1938) ; In re Merger of Reed Township School Dist., 34 D. & C. 389 (Dauphin County, Oct. 10, 1938) ; School Districts of Millbourne & East Lansdowne, 28 Del.

Co. 66 (Delaware County, Sept. 12, 1938). If the merger rested solely upon the authority of the legislation of 1937, we would be obliged to hold it invalid.

But the legislature by the Act of 1939, supra, repealed or amended the provision of the School Code authorizing such mergers, which was held to be unconstitutional by the decisions above cited, and provided a whole new system of bringing about such mergers, which system applies generally to all school districts without regard to the special limitations or classification attempted under the Act of 1937, provided the procedure therefor included presentation of the petitions to the court of common pleas of the proper county and a submission of the question to the voters of the respective school districts concerned. Section 8 of the Act of 1939 reads as follows:

"The merger of any school district with another district or districts, prior to the effective date of this act, is hereby ratified and confirmed, and is hereby constituted a valid merger under the terms of this act, notwithstanding the fact that at the time of such merger there may not have existed any valid legislation authorizing such merger. The provisions of this section shall not apply to any merger which has been set aside by judicial action, or which has been made the subject of litigation in any court of the Commonwealth, instituted prior to the passage of these amendments and still pending and undetermined."

Plaintiffs argue that this validating act is not sufficient in itself to cure the original objection to the invalidity of the merger, because it is in itself special legislation, since it sets up a special class of merged school districts, that is to say, such as were merged under the provisions of the invalid legislation and whose merger had not been attacked up to June 20, 1939. But we think this is an interpretation of the validating act which cannot be maintained. The effect of validating legislation in Pennsylvania is well set forth in Commonwealth ex rel. v. Woodring, 289 Pa. 437, 447, as follows:

"We think it might well be considered a closed rule that the legislature can validate acts done under an unconstitutional bill if they do not in themselves come under the constitutional ban and are such as the lawmakers could have previously authorized by constitutional enactments".

What is the act sought to be done here? Simply the consolidation of two school districts. It cannot be denied that school districts are agencies of the State, set up by statute, subject to certain classifications as provided in section 34 of article III of the Constitution, and may within the provisions of the Constitution be changed or modified as to their form, method of government, size, or in any other way not prohibited by the Constitution.

While school districts are considered more as agencies of the State rather than as municipal corporations, the reasoning expressed by the court in Pittsburg's Petition, 217 Pa. 227, 238, applies equally well to the power of the State to modify the structures of its educational establishment:

" 'It follows under the law of the land, that neither the municipality as such, or any of the persons residing therein, have any vested rights in the municipal powers, as against the state which created the municipality. It is merely an agency instituted by the sovereign for the purpose of carrying out in detail the objects of government—essentially a revocable agency—subject to legislative control "which may destroy its very existence with the mere breath of arbitrary decision:" Phila. v. Fox, 64 Pa. 169.' "

It is apparent, therefore, that the legislature had, if properly exercised, the power to authorize the merger of school districts: That the power was exercised in the Act of 1937 in an unconstitutional way, because of classification of districts to which the legislation applied, cannot prevent the legislature from validating the merger of school districts accomplished under that act by subsequent

general legislation. To hold otherwise would be to say that the legislature had no power over its own creatures. In other words, the act, that is to say, the act of merger, which the Act of 1939 now confirms, is not in itself subject to the ban of the Constitution, even though such an act was accomplished under invalid legislation. Hence the principles of interpretation as set forth in Commonwealth v. Woodring, supra, apply to the validating act in this instance. This action was commenced on June 28, 1939, and hence the merger herein complained of was not the subject of litigation instituted prior to the passage of the amendments of June 20, 1939.

The other constitutional objections raised in the bill as to the improper delegation of legislative authority, the violation of the due process clause of both State and Federal Constitutions, the denial of a republican form of government, and the refusal of equal protection of the law, we do not believe have merit. The legislature has simply provided the methods and conditions under which its own agencies may be merged, and such mergers can only be accomplished under the authority and by the procedure established by the legislature. There is no delegation of any authority. We think a thorough consideration of the principles as expressed in Pittsburg's Petition, supra, and in Philadelphia v. Fox et al., 64 Pa. 169, disposes of the other constitutional objections.

We sustain the preliminary objection that the allegations in the bill that sections 108, 809, and 814 of the Act of May 13, 1937, P. L. 605, are immaterial by virtue of the validating legislation in the Act of June 20, 1939, P. L. 491. Since the only equity in the bill is the alleged unconstitutionality of the Act of 1937, and the subsequent merger, the bill is not susceptible of amendment without changing the cause of action, and hence may be dismissed.

Now, December 1, 1939, the preliminary objections to the bill in equity are sustained and the bill is dismissed at the costs of plaintiffs.